The Honorable Sarah Agee State Representative 11898 Sage Road Prairie Grove, AR 72753-9168
Dear Representative Agee:
This is in response to your request for an opinion regarding A.C.A. §14-17-203 (Repl. 1998), pertaining to the creation and organization of a county planning board. Your specific question is as follows:
 Under A.C.A. § 14-17-203(f), would it be permissible for the Washington County Quorum Court to assume the duties of the planning board, and then assign the work to either a new or standing subcommittee?
You state that the committee would "act in the same capacity as current committees, passing regulation[s] onto the full court for approval."
Assuming that this would be a committee of the Quorum Court, i.e., composed of members of the Quorum Court, appointed in accordance with A.C.A. § 14-14-904(d) (Repl. 1998),[1] it is my opinion that the answer is, generally, "yes."[2]
Clearly, the Quorum Court may elect to "assume the powers, duties, and functions of the [planning] board" pursuant to § 14-17-203(f), which provides:
 County quorum courts may elect to assume the powers, duties, and functions of the board. Such determination shall be implemented by ordinance. A court which elects to exercise this option shall not be bound by the provisions of this section and § 14-17-204, but may, by ordinance, establish such administrative changes as may be appropriate.
The planning board's general powers, duties, and functions are set forth in A.C.A. § 14-17-205. I do not perceive a problem with the Quorum Court, having elected the option under § 14-17-203(f), establishing a working committee to address these matters, as long as all powers in this regard remain with the full Court. As noted above, however, it is my opinion that any such committee, whether new or standing, must be appointed in accordance with § 14-14-904(d). See n. 1, supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Under this Code provision, "[t]he presiding officer [the county judge] shall appoint all regular and special committees of a quorum court. . . ." See also Op. Att'y Gen. 95-084 (opining that the authority to establish committees and to name the JP's to serve thereon is vested in the county judge, as presiding officer, under § 14-14-904(d).
[2] The Quorum Court could not, in my opinion, assume the duties of the planning board and then assign the work to an advisory group not composed of Quorum Court members. It seems clear that this would be contrary to §14-17-203, which contemplates the work being done either by a planning board appointed by the county judge and approved by the Quorum Court (id. at subsection (a)), or by the Quorum Court (id. at subsection (f)).